Mark G. Tratos (SBN 93425)
Bethany L. Rabe (SBN 270682)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr., Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
tratosm@gtlaw.com
rabeb@gtlaw.com

Michelle DuCharme (SBN 285572)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
ducharmem@gtlaw.com

Attorneys for Defendants
CMG Worldwide, Inc., CMG Brands, LLC,
Mark Roesler, and William Uglow

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CHRISTINA CHANG, an individual, | **CASE NO.** |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | Removed from Superior Court for the State of California, in and for the County of Los Angeles |
| CMG WORLDWIDE, INC., a business entity, exact form unknown, CMG BRANDS, LLC, a business entity, exact form unknown, MARK ROESLER, an individual, WILLIAM UGLOW, an individual, and Does 1 through 100, inclusive, | State Court Case No. BC713011 |
| Defendants. | Removal Filed: September 11, 2018<br>State Court Action Filed: July 6, 2018 |

1
**NOTICE OF REMOVAL**

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants CMG WORLDWIDE, INC., CMG BRANDS, LLC, MARK ROESLER, and WILLIAM UGLOW (collectively, "Defendants"), hereby remove the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to this Court, the United States District Court for the Central District of California.

**A. The Removed Action**

1.      On July 6, 2018, an action was commenced in the Superior Court for the State of California, in and for the County of Los Angeles, entitled *Christina Chang v. CMG Worldwide, Inc., CMG Brands LLC, Mark Roesler, William Uglow, and Does 1 through 100, inclusive* (the "State Court Action"). The State Court Action was assigned case number BC713011.  Plaintiff alleges claims for (1) harassment based on sex in violation of the FEHA; (2) failure to prevent in violation of the FEHA; violation of Labor Code section 1102.5; (3) violation of Labor Code section 98.6; (4) failure to pay all wages due in violation of Labor Code sections 200, 201, 202, 227.3; (6) waiting time penalties; (7) constructive discharge in violation of public policy; (8) defamation.  A copy of the Plaintiff's Complaint as filed in the State Court Action is attached to **Exhibit A**, the Declaration of Mark G. Tratos, Esq. (the "Tratos Declaration") as Exhibit 1.  Defendants are informed and believe that the documents attached to the Tratos Declaration as Exhibits 1–7 constitute the entirety of the state court file in this action and hence all pleadings, process, and orders in the matter.

2.      On August 14, 2018, pursuant to agreement with Plaintiff's counsel, counsel accepted service on behalf of each Defendant.  A copy of each Defendant's notice and acknowledgment forms are attached to the Tratos Declaration as Exhibit 8.

///

**NOTICE OF REMOVAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.     The instant Notice of Removal is timely filed pursuant to 28 U.S.C. 1446, as fewer than thirty days have elapsed since Defendants were served.  *See* 28 U.S.C. 1446(b)(1).

**B. This Court Has Jurisdiction Over the Matter**

4.     This action may be removed to this United States District Court in accordance with 28 U.S.C. § 1441(a), since it is a civil action over which this Court has original jurisdiction under § 1332, as there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

***There is Complete Diversity***

5.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff Christina Chang is an individual and a citizen of California.  *See* Compl., at ¶ 1.

6.     CMG Worldwide, Inc. is a corporation organized under the laws of Indiana with its principal place of business in Indiana.  *See* Declaration of Mark Roesler ("Roesler Declaration"), attached hereto as **Exhibit B**, at ¶ 2; *see generally Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("principal place of business" is the "the place where a corporation's officers direct, control, and coordinate the corporation's activities," in other words, the "nerve center," and "in practice, it should normally be the place where the corporation maintains its headquarters…").

7.     CMG Brands, LLC is a limited liability company organized under the laws of Indiana.  No member of CMG Brands, LLC is a citizen of California.  *See* Roesler Declaration, **Exhibit B**, at ¶ 3.  The only member of CMG Brands, LLC is a citizen of Indiana.  *Id*.

8.     Mark Roesler is an individual and a citizen of Indiana.  *See* Roesler Declaration, **Exhibit B**, at ¶ 6.  Mr. Roesler was born and raised in Indiana, is registered to vote in Indiana, and the only home he owns is in Indiana. *Id*.

3

9.     William Uglow is an individual and a citizen of Nevada.  *See* Declaration of William Uglow, attached hereto as **Exhibit C**, at ¶ 2.  Mr. Uglow has lived in Nevada since 1992 (other than several years in California for work purposes from August 2014 to August 2017, during which he maintained ties to Nevada), and currently lives in Nevada.  *Id*.

10.     "Doe" defendants are not considered for the purposes of determining complete diversity.  *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

11.     As Plaintiff is a citizen of California and no defendant is a citizen of California, the parties are completely diverse.

### *The Amount in Controversy Exceeds $75,000.00*

12.     While Defendants deny liability as to Plaintiff's claims, Defendants have a reasonable, good faith belief that the amount in controversy, as alleged and pled in this action by Plaintiff, exceeds $75,000.00, exclusive of interest and costs.

13.     Because Plaintiff has not specified a particular amount to which she believes she is entitled as damages, Defendants must demonstrate that the amount in controversy exceeds the statutory minimum.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  However, this is not a "daunting task"; "a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Id*. at 1204-1205 (internal citations omitted, emphasis in original).

14.     "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* at 1205.

15.     The amount in controversy includes claims for monetary damages, attorney's fees if recoverable by statute or contract, and punitive damages.  *See generally Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

16.     Here, Plaintiff has asserted eight state-law claims and requested lost

4

NOTICE OF REMOVAL

wages, benefits, pain and suffering, medical costs, attorneys' fees pursuant to Labor Code section 218.5, punitive damages, and other such costs as the Court may deem just and proper. While Defendants vehemently deny all claims and reserve all rights, it is clear that if the allegations in the complaint were true, and Plaintiff were successful on her claims, the amount in controversy exceeds the statutory minimum.

17. With respect to Plaintiff's claim for compensatory damages including lost wages, this would include a claim for Plaintiff's back pay (from the date of termination to the date of filing) and front pay (from the date of filing to, e.g., July 2018). Plaintiff's employment with CMG Worldwide, Inc. ("CMG") was terminated on or about March 30, 2018. CMG estimates that the back pay Plaintiff will seek to recover is approximately $42,958, and front pay will be at least another $320,000, such that the Plaintiff's claim for lost wages alone will exceed $362,958. Roesler Decl. ¶ 5. This amount alone exceeds the jurisdictional requirement and excludes pre- and post- judgment interest.

18. With respect to Plaintiff's claim for emotional distress, Plaintiff claims "damages for pain, suffering and emotional distress." Compl. Prayer for Relief ¶ 2. Plaintiff also claims that she "experienced mental anguish and emotional suffering." *See, e.g.*, Compl. ¶ 47. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").

19. With respect to Plaintiff's claims for punitive damages, Plaintiff claims that the alleged acts were "done with malice, oppression, or fraud." Compl. ¶¶ 51, 59, 74, 84, 106, 117. Requests for punitive damages must also be taken into account in ascertaining the amount in controversy if they are

recoverable as a matter of state law.  *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Anthony v. Security Pacific Fin. Servs., Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *see also, Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

20.   To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons,* 209 F. Supp. 2d at 1033; *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).  Apart from the $362,958 identified above in paragraph 17 for compensatory damages, with respect to the amount of emotional distress damages, punitive damages, and related damages stemming from harassment, failure to prevent, retaliation, failure to pay wages, and defamation in controversy in this case, Defendants direct the Court's attention to the following jury verdicts in similar cases:

- In *Emily Guardia v. Roger Stuart Clothes, Inc., et al.*, Los Angeles County Superior Court No. BC490842 (verdict May 19, 2014), the plaintiff, a customer service and production assistant, alleged discrimination on the basis of gender and national origin, sexual harassment, defamation, constructive discharge, and failure to prevent harassment and/or discrimination.   The jury awarded plaintiff a **$100,250** judgment.

- In *Shannen De La Cruz v. Cal-Pac Sonoma, et al.*, Sonoma County Superior Court No. SCV 244297 (verdict August 2, 2010) the plaintiff asserted claims for sexual harassment, wrongful termination, and retaliation.   The jury awarded **$2,015,487** in damages, including $1,500,000 in punitive exemplary damages and $500,000 in emotional distress damages.

- In *Maryl Davis v. William J. Childress, et al.*, Santa Barbara County Superior Court No. 1374111 (verdict December 17, 2012) the plaintiff

asserted claims for sexual harassment, wrongful termination, and retaliation.  The jury awarded plaintiff **224,000** in damages for emotional distress and future economic loss against the defendant, William J. Childress.

- In *Monika Patterson, et al. v. Dino Mencarini, et al.*, San Joaquin County Superior Court No. 39-2011-00274426-CU-WT-STK (verdict March 13, 2015) the plaintiff and two other female employees asserted claims for sexual harassment, retaliation, wrongful termination, and discrimination.  The jury found in favor of one female employee, finding she was sexually harassed and constructively discharged, and the company failed to prevent the harassment.  The jury awarded the plaintiff **$150,000** in damages.

True and correct copies of the verdicts cited above are attached as Exhibit A to the Request for Judicial Notice filed concurrently herewith.

21.   Taken together, these verdicts demonstrate that emotional distress and punitive damage awards can easily exceed $75,000 in employment sexual harassment, retaliation, and defamation cases.  Thus, it is clear that if Plaintiff's claims are successful, her claims for damages for purposes of determining the amount in controversy will exceed $75,000.  *Simmons*, 209 F. Supp. 2d at 1031 (removal is proper where defendant demonstrates it is "more likely than not" that the amount in controversy exceeds $75,000).

22.   Further, Plaintiff has made a settlement offer that is well over $75,000.  *See* Tratos Decl., at ¶ 4.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (affirming denial of remand where plaintiff's settlement offer seemed to represent the plaintiff's assessment of the value of his claim).

23.   Plaintiff also seeks her attorneys' fees.  Compl., Prayer for Relief ¶ 4.  If the plaintiff can recover attorneys' fees under statute or contract, they are included in calculating the amount in controversy. *Gall G/S v. JSS Scandinavia*, 142

NOTICE OF REMOVAL

1  F.3d 1150, 1155–56 (9th Cir. 1998) (holding that attorneys' fees are to be included
2  in the amount in controversy if the action is brought under a statute that "mandates
3  or allows" the recovery of fees).  Here, Plaintiff brings claims under FEHA, Compl.
4  ¶¶ 36–59, which expressly authorizes an award of attorneys' fees to the prevailing
5  party.  CAL. GOV'T CODE § 12965(b).  If this case were litigated through trial,
6  Plaintiff's attorneys' fees alone could exceed $75,000.

7      24.  Because diversity of citizenship exists between the Plaintiff and
8  Defendants, and the amount in controversy between them is in excess of $75,000,
9  this Court has original jurisdiction of the action under 28 U.S.C. § 1332(a)(1), and
10  removal is proper.

11  **C. Other Removal Requirements**

12      25.  Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a), as
13  this action is presently pending in the Superior Court of the State of California, in
14  and for the County of Los Angeles, which is situated within the Central District of
15  California.

16      26.  All defendants are represented by the undersigned, and all defendants
17  consent to removal, as evidenced by counsel's signature below.

18      27.  A true and correct copy of this Notice of Removal is being filed with
19  the Clerk of the Superior Court of the State of California, in and for the County of
20  Los Angeles, and served upon Plaintiff.

21      28.  The undersigned counsel has read the foregoing and signs this Notice
22  of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required
23  by 28 U.S.C. § 1446(a).

24  **D. Reservation of Rights and Request for Briefing if Propriety of Removal**
25      **is in Question**

26      29.  Nothing in this Notice of Removal shall be interpreted as a waiver or
27  relinquishment of Defendants' right to assert any defense or affirmative matter
28  including, but not limited to, the defenses of lack of jurisdiction over the person,

improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, failure to join a party, fraudulent joinder or any other procedural or substantive defense available.

30.    If any questions arise as to the propriety of this removal, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

WHEREFORE, notice is hereby given that the above-captioned action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

DATED: September 11, 2018          GREENBERG TRAURIG, LLP


By:     /s/ *Mark G. Tratos*
        Mark G. Tratos – SBN 93425
        Bethany L. Rabe – SBN 270682
        Michelle DuCharme – SBN 285572
        Attorneys for Defendants
        CMG Worldwide, Inc., CMG Brands, LLC,
        Mark Roesler, and William Uglow

**NOTICE OF REMOVAL**

# EXHIBIT A

**ORIGINAL**

Dept. # SSO Assigned Rizk

FILED
Superior Court of California
County of Los Angeles

JUL 06 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By_____, Deputy
    Glorietta Robinson

1  Jeremy D. Scherwin, Esq. SBN: 274632
   **SCHERWIN LAW FIRM**
2  1055 W. 7th St., 33rd Floor
   Los Angeles, CA 90017
3  Telephone: (213) 297-8777

4
5  Attorneys for Plaintiff CHRISTINA CHANG

6          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

7          **FOR THE COUNTY OF LOS ANGELES** BC 7 1 3 0 1 1

8  CHRISTINA CHANG, an individual,        | CASE NO.: _____
9                  Plaintiff,             | [Assigned to Hon. _____]
10        vs.                             |
                                          | **COMPLAINT FOR DAMAGES**
11 CMG WORLDWIDE, INC., a business entity,|
12 exact form unknown; CMG BRANDS, LLC, a | 1. **HARASSMENT BASED ON SEX**
   business entity, exact form unknown; MARK|    **IN VIOLATION OF THE FEHA**
13 ROESLER, an individual; WILLIAM        | 2. **FAILURE TO PREVENT IN**
   UGLOW, an individual; and Does 1 through|    **VIOLATION OF THE FEHA**
14 100, inclusive,                        | 3. **VIOLATION OF LABOR CODE**
                                          |    **SECTION 1102.5**
15                  Defendants.           | 4. **VIOLATION OF LABOR CODE**
                                          |    **SECTION 98.6**
16                                        | 5. **FAILURE TO PAY ALL WAGES**
                                          |    **DUE IN VIOLATION OF LABOR**
17                                        |    **CODE §§ 200, 201, 202, 227.3**
                                          | 6. **WAITING TIME PENALTIES**
18                                        | 7. **CONSTRUCTIVE DISCHARGE**
                                          |    **IN VIOLATION OF PUBLIC**
19                                        |    **POLICY**
                                          | 8. **DEFAMATION**
20
21                                        | **REQUEST FOR A JURY TRIAL**
22
23
24
25
26
27
28

---

                    – 1 –
            **COMPLAINT FOR DAMAGES**

RECEIPT #: CCH50537601O
DATE PAID: 07/06/18
PAYMENT: $435.00
RECEIVED: 11:34 AM
    CHECK:           $435.00
    CASH:              $0.00
    CHANGE:            $0.00
    CARD:              $0.00

CIT/CASE: BC713011
LEA/DEF#: 310

GENERAL ALLEGATIONS:

1.   Plaintiff CHRISTINA CHANG ("Plaintiff") is an individual who at all times pertinent to this lawsuit was a citizen and resident of the County of Los Angeles, State of California.

2.   Plaintiff is informed and believes that Defendants CMG WORLDWIDE, INC. ("CMG") and CMG BRANDS, LLC ("CMG BRANDS") are business entities, exact forms unknown, doing business in the County of Los Angeles, State of California which market and manage intellectual property for over 300 of the world's most sought after and recognizable celebrities and brands, including civil rights leaders like Malcolm X and Rosa Parks, sports stars like Andre the Giant and Jackie Robinson, literary influencers like Maya Angelou historical figures like Amelia Earhart and Neil Armstrong, and brands like and the Beverly Hills Shield.

3.   Plaintiff is informed and believes, and thereon alleges, that CMG and CMG BRANDS' principal place of business is located in the County of Los Angeles, State of California.

4.   Plaintiff was at all times employed by Defendants CMG, CMG LABELS, and DOES 1-100 and each of them.  Said defendants will hereinafter be referred to as Employer Defendants.

5.   Defendants Does 1 through 100 are sued under fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff is informed and believes, and thereon alleges, that each defendant is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, manager, supervisor, alter-ego, and/or employee of Employer Defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant.

6.   Plaintiff was at all times relevant employed by Employer Defendants at their Los Angeles headquarters/principal place of business located at 9229 Sunset Blvd., Suite 950, West Hollywood, CA 90069 (hereinafter, "The Premises"). All of the acts alleged herein, on information and belief, occurred at the Premises.

7.   Plaintiff started working for Employer Defendants in 2012.  At the time her employment ended in 2018, Plaintiff held the position of Principal Counsel, Business & Legal Affairs.

8.   Defendant Mark Roesler ("Roesler") is an individual who was at all time relevant employed as Chairman and Chief Executive Officer by Employer Defendants at the Premises.  Plaintiff is

- 2 -

**COMPLAINT FOR DAMAGES**

1 | informed and believes, and thereon alleges, that Roesler is the sole owner of Employer Defendants
2 | and worked as a supervisor or manager of Employer Defendants.

3 | 9. Defendant William Uglow ("Uglow") is an individual who was at all times relevant
4 | employed as an Executive Vice President and Chief Marketing Officer by Employer Defendants at
5 | the Premises. Uglow was employed by Employer Defendants as a supervisor or manager.

6 | 10. Employer Defendants are California employers who employ more than five people and are
7 | accordingly subject to the provisions of the Fair Employment and Housing Act ("FEHA").

8 | 11. Plaintiff is female and is therefore entitled to protections under the FEHA.

9 | 12. During her tenure with Employer Defendants, Plaintiff was subjected to harassing conduct
10 | because of her sex by Roesler and Uglow.

11 | 13. Plaintiff is informed and believes, and thereon alleges, that Roesler created a hostile work
12 | environment for females, including Plaintiff, in which females were objectified, devalued, and
13 | treated as if their physical appearance were appreciated more than their work ethic/intelligence.
14 | Roesler's harassing conduct included but was not limited to commenting on the appearance of
15 | females, always describing a woman by her physical appearance, age, race/ethnicity, weight, and
16 | even sexual orientation or preference, commenting that he liked his women in high heels, implying
17 | that women were good sales people only because of their physical appearance, making it much
18 | more difficult for females to climb up the proverbial corporate ladder, telling Plaintiff in a
19 | threatening manner, after she protested mistreatment by Uglow, that she was difficult to work with
20 | and no one would want to work her if she made Uglow's harassment an issue, telling Plaintiff in a
21 | threatening manner, after she protested mistreatment by another male colleague, that she should
22 | take time off and decide if she appreciated her job, telling Plaintiff that he was going to terminate
23 | another female employee because her looks had deteriorated, and other conduct according to proof.

24 | 14. Roesler was present for much of Uglow's harassing conduct but permitted it to continue.
25 | Plaintiff even complained to Roesler about the harassing conduct occurring at the Premises, but
26 | Roesler just blew off Plaintiff's complaints and even threatened Plaintiff that if she made problems
27 | no one would want to work with her. Uglow's harassing conduct included, but was not limited to
28 | referring to Plaintiff as an oriental China doll and cute little China doll, telling Plaintiff she looks

- 3 -
**COMPLAINT FOR DAMAGES**

1    really good, telling Plaintiff she is gorgeous, referring to Plaintiff as babe, telling Plaintiff she

2    should change her picture on Employer Defendants' website to a picture of her in her workout

3    clothes, telling her to give a client a back rub because CMG is a full service company, telling her

4    she should be softer, rubbing her hand as he gave her a high five in a creepy manner, hugging her,

5    printing an index of his favorite pornographic websites for Plaintiff and other female staff to see,

6    commenting on the looks of females, stating with Plaintiff's body of course she does not eat

7    cookies or other junk food, and other conduct according to proof.

8        15. The aforementioned harassment was based on Plaintiff's sex and created an intimidating

9    and hostile work environment for Plaintiff.

10       16. As a result of the harassing conduct Plaintiff was subjected to and witnessed, and Employer

11   Defendants' acquiescence to the harassing conduct by and through the highest levels of

12   management, including Employer Defendant's owner, Roesler, Plaintiff was forced to resign in

13   March 2018.

14       17. On March 16, 2018, Plaintiff informed Roesler that she was quitting and the two came to an

15   agreement whereby Plaintiff would remain employed for two weeks following notice of her

16   resignation, with her final day being March 30, 2018.

17       18. In her final year of employment, Plaintiff's salary included base pay plus commission of

18   2% of all moneys earned by Employer Defendants.

19       19. Furthermore, throughout her employment Plaintiff, pursuant to Employer Defendants'

20   policy, was entitled to at least 9 days of vacation/paid time off per year.  Plaintiff is informed and

21   believes, and thereon alleges, that Employer Defendants did not place a cap on accruing

22   vacation/paid time off per year and that any vacation/paid time off to which Plaintiff was entitled

23   would continue to accumulate.

24       20. Labor Code section 202 provides, in pertinent part, that an employee who provides 72 hours

25   of her intention to quit is entitled to all her wages at the time of quitting.

26       21. Labor Code section 201 provides, in pertinent part, that an employee who is discharged is

27   entitled to all her wages at the time of her discharge.

28       22. Labor Code section 227.3 provides in pertinent part that at the time of separation from

- 4 -

**COMPLAINT FOR DAMAGES**

1   employment all vested vacation shall be paid to the employee as wages at her final rate in

2   accordance with such contract of employment.

3       23. Under California law, "wages" include salary, commission, and all vested vacation/paid

4   time off.

5       24. During her last week of employment, Plaintiff and Roesler discussed how much

6   commission and vacation pay Plaintiff should receive upon leaving Employer Defendants.

7       25. Roesler informed Plaintiff that although he did not know the exact amount of money to

8   which she was entitled to for commission and vacation/paid time off, he would pay her $12,000.00.

9       26. Plaintiff did not agree to Roesler's proposal.  Plaintiff informed Roesler that she wanted to

10   review the amount to which she was entitled, including figuring out how vacation/paid time off she

11   was owed pursuant to Employer Defendants' policy.

12       27. Roesler informed Plaintiff he agreed with Plaintiff's proposal to review how much she was

13   entitled to before just paying her $12,000.00; however, shortly after the conversation, Plaintiff is

14   informed and believes, and thereon alleges, that Roesler contacted Kyle Norman ("Norman"),

15   Employer Defendants' Vice President of Finance, and instructed him to pay Plaintiff $12,000.00

16   for vacation/paid time off and commission even though he knew it did not fully compensate

17   Plaintiff for all wages owed.

18       28. On March 29, 2018, after hearing that Employer Defendants intended on paying her

19   $12,000, Plaintiff protested, and informed Roesler and Norman that the $12,000.00 did not fully

20   compensate her for all vacation to which she was entitled and that California law required

21   Employer Defendants to pay her out for all vacation time she was owed.

22       29. On March 30, 2018, Plaintiff once again protested Employer Defendants' unlawful under

23   payment to her.  Plaintiff complained to Roesler that the $12,000.00 did fully compensate her for

24   all wages she was owed and Employer Defendants were violating California law.

25       30. After Plaintiff protested the underpayment of wages and Employer Defendants' violation of

26   California Law, Roesler retaliated against Plaintiff.  He became infuriated and pointed his finger in

27   Plaintiff's face, stating he was not going to give her one more dime.  He then informed Plaintiff

28   that she was fired and told her she had five minutes to get off the Premises.  After Plaintiff

- 5 -

**COMPLAINT FOR DAMAGES**

1  informed Roesler she needed more than five minutes to pack her office and delink her personal

2  data from her work computer, Roesler threatened that he was going to grab building security and

3  call the sheriff who would both come to forcibly remove her.  This was a termination.

4      31. Plaintiff did not work for Employer Defendants after being terminated, and shortly

5  thereafter left the Premises as demanded by Roesler.

6      32. Plaintiff is informed and believes, and thereon alleges that at the time of her termination

7  on March 30, 2018, Employer Defendants failed to pay her for all vacation/paid time off and/or

8  commission to which she was entitled.  Employer Defendants have still failed to pay her all wages

9  she is owed.

10      33. Plaintiff was also paid on a weekly basis.  At the time of her termination on March 30,

11  2018, Plaintiff was entitled to her weekly salary, but Employer Defendants did not pay her on

12  March 30, 2018.  Rather, Employer Defendants did not pay her until approximately one week later.

13      34.  Plaintiff is informed and believes, and thereon alleges that after wrongfully terminating

14  her, Roesler engaged in a pattern of defaming Plaintiff, including, but not limited to falsely

15  informing third parties that Plaintiff backed out the deal regarding her payment, tried to shake him

16  down, engaged in extortion, and that she was difficult to work with.

17      35. Plaintiff has duly complied with the requirements of the Fair Employment and Housing Act

18  by filing charges with the DFEH and obtaining the requisite "Right-to-Sue" notice on May 13,

19  2018.

20  **FIRST CAUSE OF ACTION**

21  **HARASSMENT BASED ON SEX IN VIOLATION OF THE FEHA**

22  **(BY PLAINTIFF AGAINST ALL DEFENDANTS)**

23      36. Plaintiff incorporates by reference, as though set forth in full herein, each and every

24  allegation contained in Paragraphs 1 through 35, inclusive above.

25      37. Government Code section 12940(j) precludes an employer from harassing an employee

26  because of her sex.  "Sex" under Government Code section 12940(j) includes sexual harassment

27  and gender harassment.

28      38. Plaintiff was subjected to a repeated and continuing pattern of harassment by Roesler,

- 6 -

**COMPLAINT FOR DAMAGES**

1    Uglow, and others, all as afore pled.

2        39. Plaintiff is informed and believes, and thereon alleges, that Roesler created a hostile work

3    environment for females, including Plaintiff, in which females were objectified, devalued, and

4    treated as if their physical appearance were more important than their work ethic/intelligence.

5    Roesler's harassing conduct included but was not limited to commenting on the appearance of

6    females, commenting that he liked his women in high heels, implying that women were good sales

7    people only because of their physical appearance, making it much more difficult for females to

8    climb up the proverbial corporate ladder, telling Plaintiff in a threatening manner, after she

9    protested mistreatment by Uglow, that she was difficult to work with and no one would want to

10   work her if she made Uglow's harassment an issue, telling Plaintiff in a threatening manner, after

11   she protested mistreatment by another male colleague, that she should take time off and decide if

12   she appreciated her job, telling Plaintiff that he was going to terminate another female employee

13.  because her looks had deteriorated, and other conduct according to proof.

14       40. Roesler was present for much of Uglow's harassing conduct but permitted it to continue.

15   Plaintiff even complained to Roesler about the harassing conduct occurring at the Premises, but

16   Roesler just blew off Plaintiff's complaints and even threatened Plaintiff that if she made problems

17   no one would want to work with her. Uglow's harassing conduct included, but was not limited to

18   referring to Plaintiff as an oriental China doll and cute little China doll, telling Plaintiff she looks

19   really good, telling Plaintiff she is gorgeous, referring to Plaintiff as babe and a babe, telling

20   Plaintiff she should change her picture on Employer Defendants' website to a picture of her in her

21   workout clothes, telling her to give a client a back rub because CMG is a full service company,

22   telling her she should be softer, rubbing her hand as he gave her a high five in a creepy manner,

23   hugging her, printing an index of his favorite pornographic websites for Plaintiff and other female

24   staff to see, commenting on the looks of females, stating with Plaintiff's body of course she does

25   not eat cookies or other junk food, and other conduct according to proof.

26       41. The foregoing harassing conduct was based on Plaintiff' sex, was not consented to by

27   Plaintiff, and was severe and/or pervasive.

28       42. A reasonable person in Plaintiff's circumstances would have considered the foregoing

- 7 -

**COMPLAINT FOR DAMAGES**

1    harassing conduct to be hostile or abusive.

2        43. Plaintiff considered the work environment to be hostile and/or abuse.

3        44. Employer Defendants are strictly liable because Roesler and Uglow were both supervisors,

4    or in the alternative, knew or should have known about this misconduct and failed to timely and

5    adequately investigate the conduct and timely and adequately take remedial measures.

6        45. Roesler is individually liable for his own conduct.

7        46. Uglow is individually liable for his own conduct.

8        47. As a proximate result of the said harassment, Plaintiff has suffered mental anguish and

9    emotional suffering in an amount in excess of the minimum jurisdiction of this court and according

10   to proof.

11       48. As a further proximate result of said harassment, Plaintiff has suffered a loss of tangible

12   employment benefits including lost wages and fringe benefits in an amount in excess of the

13   minimum jurisdiction of the court and according to proof.

14       49. As a further proximate result of the harassment, Plaintiff was required to and did retain

15   attorneys, and is accordingly entitled to an award of attorneys' fees according to proof.

16       50. As a further proximate result of said harassment, Plaintiff has incurred and/or will continue

17   to incur medical expenses in amount according to proof at the time of trial.

18       51. The afore pled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to

19   an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such

20   conduct was undertaken by an officer, owner or managing agent of Employer Defendants, or

21   alternatively, authorized, ratified or approved by an officer, owner or managing agent of Employer

22   Defendants.

23                          **SECOND CAUSE OF ACTION**

24              **FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

25   **(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT ROESLER AND UGLOW)**

26       52. Plaintiff incorporates by reference, as though set forth in full herein, each and every

27   allegation contained in Paragraphs 1 through 51, inclusive above.

28       53. Plaintiff is informed and believes, and thereon alleges, that Employer Defendants failed to

                                      - 8 -

                          **COMPLAINT FOR DAMAGES**

1   take all steps reasonably necessary to prevent harassment from occurring all as afore pled.  Such

2   conduct violates Government Code section 12940(k).

3      54. Said violation of FEHA caused Plaintiff to be harassed all as afore pled.

4      55. As a proximate result of the said violation of FEHA, Plaintiff has suffered mental anguish,

5   general damages and emotional suffering, past and future, in an amount in excess of the minimum

6   jurisdiction of this court and according to proof.

7      56. As a further proximate result of said violation of FEHA as afore pled, Plaintiff has suffered

8   a loss of tangible employment benefits including lost wages and fringe benefits, past and future, in

9   an amount in excess of the minimum jurisdiction of this court, and according to proof.

10     57. As a further proximate result of Employer Defendants' violation of FEHA, Plaintiff was

11   forced to and did retain attorneys, and is accordingly entitled to an award of attorney's fees and

12   costs according to proof.

13     58. As a further proximate result of said violation of FEHA, Plaintiff has incurred and will

14   continue to incur medical expenses, past and future, in an amount according to proof at the time of

15   trial.

16     59. The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling Plaintiff

17   to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such

18   conduct was taken by an owner, officer or managing agent of Employer Defendants, or

19   alternatively, authorized, ratified or approved by an owner, officer or managing agent of Employer

20   Defendants.

21                 **THIRD CAUSE OF ACTION**

22         **VIOLATION OF LABOR CODE SECTION 1102.5**

23    **(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT ROESLER AND UGLOW)**

24     60. Plaintiff incorporates by reference, as though set forth in full herein, each and every

25   allegation contained in Paragraphs 1 through 59, inclusive above.

26     61. California Labor Code section 1102.5, subdivision (b), provides in pertinent part that an

27   employer, or any person acting on behalf of Employer, shall not retaliate against an employee for

28   disclosing information, or because Employer believes that the employee disclosed or may disclose

- 9 -

**COMPLAINT FOR DAMAGES**

1   information, to a person with authority over the employee or another employee who has the

2   authority to investigate, discover, or correct the violation or noncompliance, if the employee has

3   reasonable cause to believe that the information discloses a violation of state or federal statute, or a

4   violation of or noncompliance with a local, state, or federal rule or regulation.

5      62. Labor Code section 202 provides, in pertinent part, that an employee who provides 72 hours

6   of her intention to quit is entitled to all her wages at the time of quitting.

7      63. Labor Code section 201 provides, in pertinent part, that an employee who is discharged is

8   entitled to all her wages at the time of her discharge.

9      64. Under California law, wages include salary, commission, and all vested vacation/paid time

10  off.

11     65. Labor Code section 227.3 provides in pertinent part that at the time of separation from

12  employment all vested vacation shall be paid to the employee as wages at her final rate in

13  accordance with such contract of employment.

14     66. Plaintiff engaged in protected activity by protesting to Employer Defendants that they were

15  not properly paying her all wages to which she was entitled, all as afore pled.

16     67. Plaintiff is informed and believes and thereon alleges that she had reasonable cause to

17  believe that the information disclosed a violation of a state or federal statute, or a violation of or

18  noncompliance with a local, state, or federal regulation.

19     68. The disclosures were a substantial motivating factor for Employer Defendants' adverse

20  employment actions against Plaintiff, including but not limited to threatening to call the police on

21  her and terminating her employment and thus constituted unlawful retaliation in violation of

22  California Labor Code section 1102.5, subdivision (b).

23     69. As a proximate result of the unlawful retaliation in violation of Labor Code section 1102.5,

24  Plaintiff has suffered mental anguish and emotional suffering and other general damages past and

25  future in an amount in excess of the minimum jurisdiction of this court and according to proof.

26     70. As a proximate result of the unlawful retaliation in violation of Labor Code section 1102.5,

27  Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe

28  benefits past and future in an amount in excess of the minimum jurisdiction of the court and

- 10 -

**COMPLAINT FOR DAMAGES**

1  according to proof.

2  71. As a proximate result of the unlawful retaliation in violation of Labor Code section 1102.5,

3  Employer Defendants are liable for a civil penalty not exceeding ten thousand dollars ($10,000) for

4  each violation.

5  72. As a proximate result of the unlawful retaliation in violation of Labor Code section 1102.5,

6  Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of

7  attorneys' fees according to proof pursuant to California Code of Civil Procedure, section 1021.5.

8  73. As a proximate result of the unlawful retaliation in violation of California Labor Code

9  section 1102.5, Plaintiff has incurred and/or will continue to incur medical expenses in amount

10  according to proof at the time of trial.

11  74. The afore pled conduct of Employer Defendants constitutes oppression, fraud, and malice

12  thereby entitling Plaintiff to an award of punitive damages. Plaintiff is further informed and

13  believe, and thereon allege, that this act of oppression, fraud, or malice or act of, ratification or

14  authorization were on the part of a managing agent or owner acting on behalf of Employer

15  Defendants.

16  **FOURTH CAUSE OF ACTION**

17  **VIOLATION OF LABOR CODE SECTION 98.6**

18  **(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT ROESLER AND UGLOW)**

19  75. Plaintiff incorporates by reference, as though set forth in full herein, each and every

20  allegation contained in Paragraphs 1 through 74, inclusive above.

21  76. California Labor Code section 98.6, subdivision (a), provides person shall not discharge an

22  employee or in any manner discriminate, retaliate, or take any adverse action against any employee

23  or applicant for employment because the employee or applicant engaged in any conduct delineated

24  in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5

25  (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for

26  employment has filed a bona fide complaint or claim or instituted or caused to be instituted any

27  proceeding under or relating to his or her rights that are under the jurisdiction of the Labor

28  Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because

- 11 -

**COMPLAINT FOR DAMAGES**

1   the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about
2   to testify in a proceeding pursuant to that section, or because of the exercise by the employee or
3   applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.
4       77. Plaintiff engaged in protected activity under Labor Code section by complaining that she
5   was owed unpaid wages, all as afore pled.
6       78. The protected activity was a substantial motivating factor for Employer Defendants'
7   adverse employment actions against Plaintiff, including but not limited to threatening to call the
8   police on her and terminating her employment and thus constituted unlawful retaliation in violation
9   of Labor Code section 98.6.
10      79. As a proximate result of the unlawful retaliation in violation of Labor Code section 98.6
11  Plaintiff has suffered mental anguish and emotional suffering and other general damages past and
12  future in an amount in excess of the minimum jurisdiction of this court and according to proof.
13      80. As a proximate result of the unlawful retaliation in violation of Labor Code section 98.6,
14  Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe
15  benefits past and future in an amount in excess of the minimum jurisdiction of the court and
16  according to proof.
17      81. As a proximate result of the unlawful retaliation in violation of Labor Code section 98.6,
18  Employer Defendants are liable for a civil penalty not exceeding ten thousand dollars ($10,000) for
19  each violation.
20      82. As a proximate result of the unlawful retaliation in violation of Labor Code section 98.6,
21  Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of
22  attorneys' fees according to proof pursuant to California Code of Civil Procedure, section 1021.5.
23      83. As a proximate result of the unlawful retaliation in violation of Labor Code section 98.6,
24  Plaintiff has incurred and/or will continue to incur medical expenses in amount according to proof
25  at the time of trial.
26      84. The afore pled conduct of Employer Defendants constitutes oppression, fraud, and malice
27  thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is further informed and
28  believe, and thereon allege, that this act of oppression, fraud, or malice or act of, ratification or

- 12 -

**COMPLAINT FOR DAMAGES**

1  authorization were on the part of a managing agent or owner acting on behalf of Employer

2  Defendants.

3  **FIFTH CAUSE OF ACTION**

4  **FAILURE TO PAY ALL WAGES DUE IN VIOLATION OF LABOR CODE §§ 200, 201,**

5  **202, 227.3**

6  **(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT ROESLER AND UGLOW)**

7      85. Plaintiff incorporates by reference, as though set forth in full herein, each and every

8  allegation contained in Paragraphs 1 through 84, inclusive above.

9      86. In her final year of employment, Plaintiff's salary included base pay plus commission of

10  2% of all moneys earned by CMG.

11      87. Furthermore, throughout her employment Plaintiff, pursuant to Employer Defendants'

12  policy, was entitled to at least 9 days of vacation/paid time off per year.  Plaintiff is informed and

13  believes, and thereon alleges, that Employer Defendants did not place a cap on accruing vacation

14  time/paid time off per year and that any vacation time/paid time off to which Plaintiff was entitled

15  would continue to accumulate.

16      88. Labor Code section 202 provides, in pertinent part, that an employee who provides 72 hours

17  of her intention to quit is entitled to all her wages at the time of quitting.

18      89. Labor Code section 201 provides, in pertinent part, that an employee who is discharged is

19  entitled to all her wages at the time of her discharge.

20      90. Labor Code section 227.3 provides in pertinent part that at the time of separation from

21  employment all vested vacation shall be paid to the employee as wages at her final rate in

22  accordance with such contract of employment.

23      91. Under California law, "wages" include salary, commission, and all vested vacation

24  time/paid time off.

25      92. At the time of her termination of March 30, 2018, Plaintiff was entitled to all earned

26  vacation/paid time off and commission; however, Employer Defendants failed to pay her all wages

27  to which she was entitled, and still have failed to do so.

28      93. As a result of such violations of the Labor Code, Plaintiff is entitled to recover all

- 13 -

**COMPLAINT FOR DAMAGES**

1    compensation owed but not paid, as well as interest thereon (Labor Code section 218.6) and is

2    further entitled to all penalties and/or liquidated damages provided for in the above referenced

3    sections of the Labor Code and an award of attorney's fees and costs (Labor Code section 218.5)

4    incurred in recovering such amounts according to proof at the time of trial.

5                            **SIXTH CAUSE OF ACTION**

6                            **WAITING TIME PENALTIES**

7            **(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT UGLOW)**

8        94. Plaintiff incorporates by reference, as though set forth in full herein, each and every

9    allegation contained in Paragraphs 1 through 93, inclusive above.

10       95. Labor Code section 203 provides in pertinent part that any employer who willfully fails to

11   pay an employee in accordance with Labor Code sections 201 or 202 any wages of an employee

12   who is discharged or who quits, the wages of the employee shall continue as a penalty from the due

13   date thereof at the same rate until paid or until an action therefor is commenced; but the wages

14   shall not continue for more than 30 days.

15       96. Plaintiff is informed and believes and thereon alleges that Employer Defendants willfully

16   violated Labor Code sections 201 and 202 by failing to timely pay her wages as of March 30, 2018,

17   all as afore pled, including its failure to pay her for all vacation/paid time off and/or commission to

18   which she was entitled, and her weekly salary.

19       97. Plaintiff is informed and believes that Employer Defendants willfully failed, and have

20   stilled failed, to pay her all wages owed, thereby entitling Plaintiff to the penalty under Labor Code

21   section 203.

22       98. Pursuant to Labor Code section 558.1, Roesler is individually liable as the owner, director,

23   officer, and/or managing agent of Employer Defendants.

24                          **SEVENTH CAUSE OF ACTION**

25       **CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY**

26   **(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT ROESLER AND UGLOW)**

27       99. Plaintiff incorporates by reference, as though set forth in full herein, each and every

28   allegation contained in Paragraphs 1 through 98, inclusive above.

- 14 -

**COMPLAINT FOR DAMAGES**

100. Plaintiff was subjected to working conditions that violated the FEHA, including being subjected to sexually harassing conduct and a work environment where Employer Defendants failed to prevent the sexually harassing conduct and permitted it to continue, all as afore pled.

101. Employer Defendants intentionally created or knowingly permitted these working conditions.

102. These working conditions were so intolerable that Plaintiff had no reasonable alternative but to resign and resigned because of the intolerable working conditions.

103. As a proximate result of the constructive discharge, Plaintiff has suffered mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of this court and according to proof.

104. As a proximate result of the constructive discharge, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

105. As a proximate result of the constructive discharge, Plaintiff has incurred and/or will continue to incur medical expenses in amount according to proof at the time of trial.

106. The afore pled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was undertaken by an officer, owner or managing agent of Employer Defendants, or alternatively, authorized, ratified or approved by an officer, owner or managing agent of Employer Defendants.

**EIGHTH CAUSE OF ACTION**

**DEFAMATION**

**(BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT UGLOW)**

107. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 106, inclusive above.

108. Roesler, acting in the course and scope of his employment with Employer Defendants, defamed Plaintiff by falsely telling third parties, including other employees, that Plaintiff backed out of deal regarding her pay, tried to shake him down, engaged in extortion, and was difficult to

- 15 -

**COMPLAINT FOR DAMAGES**

1   work with.

2      109. These statements were false.

3      110. Those to whom the defamatory statements were published understood the statements were

4   statements of fact about Plaintiff.

5      111. Plaintiff is informed and believes that these defamatory statements were repeatedly

6   published and republished to various other employees and individuals at the Premises as well as to

7   third parties not employed by Employer Defendants.

8      112. All of these statements were unprivileged.

9      113. These statements are defamatory on their face as they tended to directly injure Plaintiff in

10   her occupation as a licensed California attorney and her reputation for honesty and integrity.

11      114. The above complained-of publications by Roesler were made with hatred and ill will

12   towards Plaintiff and the design and intent to injure Plaintiff, her good name, and reputation.

13      115. Employer Defendants are liable for the conduct of the Roesler because the conduct was

14   undertaken in the course and scope of his employment.  Alternatively, Employer Defendants are

15   liable for the conduct of Roesler because they ratified the conduct.

16      116. As a proximate result of the above described publications, Plaintiff has suffered the loss of

17   her reputation, shame, mortification, hurt feelings, and losses in earnings, all to her damage in a

18   sum in excess of the minimum jurisdiction of the court and according to proof.

19      117. The afore pled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff

20   to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such

21   conduct was undertaken by an officer, owner or managing agent of Employer Defendants, or

22   alternatively, authorized, ratified or approved by an officer, owner or managing agent of Employer

23   Defendants.

24                                   **PRAYER FOR RELIEF**

25   WHEREFORE, Plaintiff pray for damages against Defendants, and each of them, as follows:

26      1.   For damages for lost wages and other employment benefits past and future according to

27           proof;

28      2.   For damages for pain, suffering and emotional distress past and future according to proof;

---

- 16 -

**COMPLAINT FOR DAMAGES**

3.  For damages for medical costs past and future according to proof;

4.  For attorneys' fees according to proof on those causes of action which allow them;

5.  For punitive damages according to proof;

6.  For all compensation and wages owed to Plaintiff but not paid as well as interest thereon;

7.  For all penalties and/or liquidated damages provided for in the Labor Code;

8.  For interest;

9.  For such other and further relief as the Court deems just and proper.

Dated:  July 5, 2018                                    SCHERWIN LAW FIRM


                                           By    _____
                                                 JEREMY D. SCHERWIN


                    **DEMAND FOR JURY TRIAL**

      Plaintiff hereby requests a trial by jury.


Dated:  July 5, 2018                                    SCHERWIN LAW FIRM


                                           By    _____
                                                 JEREMY D. SCHERWIN


- 17 -

**COMPLAINT FOR DAMAGES**

**ORIGINAL**

CM-010

**FOR COURT FILED**

Superior Court of California
County of Los Angeles

JUL 06 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Gloriette Robinson

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Jeremy D. Scherwin (SBN 274632) <br> SCHERWIN LAW FIRM <br> 1055 W. 7th Street, 33rd Floor <br> Los Angeles, CA 90017 <br> TELEPHONE NO.: 213-297-8777   FAX NO.: <br> ATTORNEY FOR *(Name):* Christina Chang | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Chang v. CMG Worldwide, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 7 1 3 0 1 1 |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 5, 2017

_____ ▶ _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

**BY FAX**

 

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex)*
    Other Civil Complaint
      (*non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Page 2 of 2

 **ORIGINAL**

| SHORT TITLE: Chang v. CMG Worldwide, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

**BY FAX**

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Chang v. CMG Worldwide, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, ②, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Chang v. CMG Worldwide, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Chang v. CMG Worldwide, Inc. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 9229 Sunset Blvd., Suite 950 |

| CITY: West Hollywood | STATE: CA | ZIP CODE: 90069 |
|---|---|---|

**Step 5:  Certification of Assignment:**  I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___July 5, 2018___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Doc# 1 Page# 24 - Doc ID = 1744863622 - Doc Type = OTHER

# EXHIBIT B

1    Mark G. Tratos (SBN 93425)
     Bethany L. Rabe (SBN 270682)
2    GREENBERG TRAURIG, LLP
     10845 Griffith Peak Dr., Suite 600
3    Las Vegas, Nevada 89135
     Telephone: (702) 792-3773
4    Facsimile: (702) 792-9002
     tratosm@gtlaw.com
5    rabeb@gtlaw.com

6    Michelle DuCharme (SBN 285572)
     GREENBERG TRAURIG, LLP
7    1201 K Street, Suite 1100
     Sacramento, California 95814
8    Telephone: (916) 442-1111
     Facsimile: (916) 448-1709
9    ducharmem@gtlaw.com

10   Attorneys for Defendants
     CMG Worldwide, Inc., CMG Brands, LLC,
11   Mark Roesler, and William Uglow

12

13                **UNITED STATES DISTRICT COURT**

14        **CENTRAL DISTRICT OF CALIFORNIA – (WESTERN DIVISION)**

15

| | |
|---|---|
| CHRISTINA CHANG, an individual, | Case No. |
| Plaintiff, | **DECLARATION OF MARK ROESLER IN SUPPORT OF NOTICE OF REMOVAL** |
| v. | |
| CMG WORLDWIDE, INC., a business entity, exact form unknown, CMG BRANDS, LLC, a business entity, exact form unknown, MARK ROESLER, an individual, WILLIAM UGLOW, an individual, and Does 1 through 100, inclusive, | Removed from Superior Court for the State of California, in and for the County of Los Angeles |
| | State Court Case No. BC713011 |
| Defendants. | Removal Filed: September 11, 2018 State Court Action Filed: July 6, 2018 |

1

**DECLARATION OF MARK ROESLER IN SUPPORT OF NOTICE OF REMOVAL**

## **DECLARATION OF MARK ROESLER**

I, Mark Roesler, declare as follows:

1.     I am the Chairman and Chief Executive Officer of Defendant CMG Worldwide, Inc. and the Organizer and Managing Member of CMG Brands, LLC. I have personal knowledge of the matters set forth in this declaration, except as indicated and as to those facts I believe them to be true, and if called to testify to them, could and would do so competently.

2.     CMG Worldwide, Inc. is a corporation organized under the laws of Indiana with its principal place of business in Indiana.

3.     CMG Brands, LLC is a limited liability company organized under the laws of Indiana.

4.     No member of CMG Brands, LLC is a citizen of California.  The only member of CMG Brands, LLC is a citizen of Indiana.

5.     Plaintiff's employment with Defendant CMG Worldwide, Inc. was terminated on or about March 30, 2018.  Based on Plaintiff's annual salary, I am informed and believe that the back pay she will seek to recover from the date of termination to the date of filing is approximately $42,958, and front pay for two years following is approximately $320,000, such that the Plaintiff's claim for lost wages alone will likely exceed $362,958.

6.     I am a citizen and resident of Indiana.  I was born and raised in Indiana, am registered to vote in Indiana, and the only home I own is in Indiana.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed this 11th day of September, 2018 in Indianapolis, Indiana.

Mark Roesler

Mark Roesler

**DECLARATION OF MARK ROESLER IN SUPPORT OF NOTICE OF REMOVAL**

# EXHIBIT C

Mark G. Tratos (SBN 93425)
Bethany L. Rabe, (SBN 270682)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Dr., Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
tratosm@gtlaw.com
rabeb@gtlaw.com

Michelle DuCharme (SBN 285572)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
ducharmem@gtlaw.com

Attorneys for Defendants
CMG Worldwide, Inc., CMG Brands, LLC,
Mark Roesler, and William Uglow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – (WESTERN DIVISION)

| | |
|---|---|
| CHRISTINA CHANG, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>CMG WORLDWIDE, INC., a business entity, exact form unknown, CMG BRANDS, LLC, a business entity, exact form unknown, MARK ROESLER, an individual, WILLIAM UGLOW, an individual, and Does 1 through 100, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DECLARATION OF WILLIAM UGLOW IN SUPPORT OF NOTICE OF REMOVAL**<br><br>Removed from Superior Court for the State of California, in and for the County of Los Angeles<br><br>State Court Case No. BC713011<br><br>Removal Filed: September 11, 2018<br>State Court Action Filed: July 6, 2018 |

1

1

## **DECLARATION OF WILLIAM UGLOW**

2

I, William Uglow, declare as follows:

3        1.      I am the Executive Vice President and Chief Marketing Officer of

4   Defendant CMG Worldwide, Inc.  I have personal knowledge of the matters set

5   forth in this declaration, except as indicated and as to those facts I believe them to

6   be true, and if called to testify to them, could and would do so competently.

7        2.      I am a citizen and resident of Nevada.  Other than the period between

8   August 2014 and August 2017 when I lived in California for work purposes (but

9   retained ties to Nevada), I have lived in Nevada since 1992.  I am registered to

10  vote in Nevada and I currently live in Nevada.

11       I declare under penalty of perjury under the laws of the United States and the

12  State of California that the foregoing is true and correct, and that this Declaration

13  was executed this 11th day of September, 2018 in Las Vegas, Nevada.

14

15                                                William Uglow

16                                         William Uglow

17

18

19

20

21

22

23

24

25

26

27

28

2

**DECLARATION OF WILLIAM UGLOW IN SUPPORT OF NOTICE OF REMOVAL**